RICHARD S. SMITH ET AL. *v.* WILLIAM C. FRANK ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued June 5—decided June 29, 1973

*Walter A. Stewart, Jr.,* for the appellants (defendants).

*Jonathan M. Bennett,* for the appellees (plaintiffs).

PER CURIAM. On January 29, 1968, the plaintiffs entered into a contract to purchase the defendants' house located in the town of New Canaan. The contract expressly provided for certain work and repairs to be done to the premises by the defendants prior to the transfer of title. After the transfer of title, however, the plaintiffs discovered these things had not been done and as a result they were required to expend sums of money to have the work and repairs done. The plaintiffs brought suit in two counts alleging breach of contract and fraudulent misrepresentation. The court found the issues on both counts for the plaintiffs and awarded them damages. From a judgment rendered thereon the defendants have appealed.

The defendants assign error in the court's refusal to find seven paragraphs of their draft finding on the claim that the facts therein stated were admitted or undisputed. A fact is not admitted or undisputed

merely because it has not been contradicted. The question of credibility is for the trier. *Cecio Bros., Inc.* v. *Feldman,* 161 Conn. 264, 267, 287 A.2d 374, and cases cited. Furthermore, to secure an addition to the finding, it is necessary for the defendants to point to some part of the pleadings, the appendices to the briefs or an exhibit properly before this court which reveals that the plaintiffs admitted that the fact in question was true or that its truth was conceded to be undisputed. *Blatt* v. *Star Paper Co.,* 160 Conn. 193, 201, 276 A.2d 786. The requested findings are neither admitted nor undisputed.

The court found the following relevant facts: Prior to the transfer of title, the defendants represented to the plaintiffs that at the time of the closing the electrical, plumbing, air conditioning and heating systems and the electric garage door would be in good working order; that all sliding doors would be restored to good working condition; that the leaking roof would be repaired; and that the premises would be delivered in broom-clean condition. On July 29, 1968, the defendants conveyed title to the plaintiffs. The plaintiffs, after spending one day in the house, went to Europe for the month of August, and returned on September 4, 1968. Thereafter, commencing in September, 1968, the plaintiffs, at their considerable expense, were required to have many repairs made to the premises including repairs to the leaking roof. The plaintiffs had relied on the defendants' representations regarding the repairs that were to be made and were thereby induced to enter into the contract of sale. The defendants made these representations knowing them to be false. The plaintiffs sustained damages resulting from these misrepresentations and from the failure of the defendants to comply with the terms of the contract.

The defendants assign error in various findings by the court as having been made without evidence to support them. The evidence in the appendix to the defendants' brief together with such reasonable inferences as the court was entitled to draw from the evidence is sufficient to support these findings.

From the foregoing facts, the court concluded that on the day of the closing, the electrical, plumbing and heating systems and all electrical appliances were not in good working order; that the electric garage door was not in good working order; that all sliding doors had not been restored to good working condition; that all the debris had not been removed; that the roof leaked although the defendants had misrepresented that the roof had been repaired; that the defendants, although they had no intention to fulfill them, made representations in the contract in order to induce the plaintiffs to execute the same and the plaintiffs relied on those representations and were thereby induced to enter into the contract; that the defendants breached their contract; and that the plaintiffs were entitled to damages of $1500 under both counts of the complaint.

The court's conclusions are attacked as not being supported by the subordinate facts. "A fraudulent representation in law is one that is knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it. *Sallies* v. *Johnson*, 85 Conn. 77, 82, 81 A. 974." *Clark* v. *Haggard*, 141 Conn. 668, 671, 109 A.2d 358. There were ample facts, as found by the court, to support the conclusions reached by it. Accordingly, these conclusions cannot be disturbed.

There is no error.