LEE H. KNIGHT ET AL. *v.* HERBERT L.
BRECKHEIMER ET AL.
(2648)

HULL, SPALLONE and DALY, Js.

Argued February 6—decision released April 2, 1985

*Ernest F. Teitell,* for the appellants (plaintiffs).

*John C. Parker* filed a brief for the appellees (defendants).

DALY, J. The plaintiffs instituted an action for damages against the defendants alleging fraudulent misrepresentation, failure to disclose and breach of warranty arising out of the sale of a residence. From a judgment rendered by the trial court in favor of the defendants, the plaintiffs have appealed.

The trial court found the following facts: On July 1, 1976, the parties entered into a written agreement whereby the plaintiffs would purchase the defendants' home located at 24 Glen Hill Road, Wilton. The defendants, whose family consisted of three people, had not encountered any serious problem with the septic system for the eleven years they owned the premises. The system had been cleaned five times during that period but required no further servicing. The defendants made no representations concerning the system but, if asked, would have indicated they encountered no problems. The plaintiffs, whose ménage consisted of nine people, had the premises inspected by a contractor prior to the closing and nothing in his report indicated any problem with the septic system. Shortly after the closing and taking occupancy, the plaintiffs experienced difficulty with the system.

The court further found that the sales agreement stated that the plaintiffs examined the premises and were satisfied with its condition, and that the defendants had not made any representations upon which the plaintiffs relied.[1] The agreement did not contain warranties express or implied beyond the date of closing.[2]

The trial court concluded that the plaintiffs failed to sustain their burden of proof concerning material misrepresentations made by the defendants regarding the septic system which induced the plaintiffs to purchase the premises, or concerning nondisclosure of facts which it was the defendants' duty to divulge. Further, since there was no actionable fraud, the plaintiffs' breach of warranty action failed.

The plaintiffs have challenged the trial court's findings of fact and conclusions of law. "The plaintiff misconceives the function of this court. The trial court was presented with conflicting evidence and it is apparent that credibility was a crucial factor. 'We cannot retry the facts or pass upon the credibility of the witnesses.' *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975); see *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 (1972)." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980). "At the outset of our consideration of this claim, we point out that the plaintiff's review in its brief of the

---

[1] The sales agreement provides: "The Buyer further agrees that he has examined the premises and that he is fully satisfied with the physical condition thereof and that neither the Seller nor any representative of the Sellers, has made any representation upon which the Buyer relies, with respect to the condition of the property covered by this agreement, except as hereinbefore expressly set forth."

[2] The sales agreement provides in pertinent part that "the Seller agrees that at the delivery of the deed that the premises will be in substantially the same condition as at present, reasonable wear and tear excepted, [and] that the . . . septic system . . . shall be in working order. . . . The Buyer agrees that the provisions of this paragraph shall not survive the delivery of the deed."

evidence it presented to the trial court, undertaken to demonstrate the reliability of that evidence, does not avail it on appeal. We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Id., 222.

The defendants denied receiving any inquiry or making any oral representations about the septic system. The credibility of witnesses is a matter for the trier. Holden & Daly, Connecticut Evidence (Sup. 1983) § 125 (a), pp. 449–51. Hence, we find no error as to the first two counts.

As to the third count, the defendants concur that there are separate actions for fraud and breach of warranty. The plaintiffs maintain that the warranties and representations that the "septic system . . . shall be in working order" remain extant and survive the acceptance of the deed. The defendants claim that a merger occurred.[3]

The general rule is that "acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein . . . are merged in the deed although omitted therefrom." Annot., 84 A.L.R. 1008, 1010.

The plaintiffs rely on *Campbell* v. *Rawls,* 381 So. 2d 744, 746 (Fla. Dist. Ct. App. 1980), which held that the warranty (air conditioning and heating systems to be in working order at the time of closing) did not merge with the execution and delivery of the deed. The court

---

[3] We note that we are not dealing with new home warranties under chapter 827 of the General Statutes. See *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 402, 363 A.2d 160 (1975).

acknowledged that merger does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed.

In our case, the agreement specifically provides that "[t]he Buyer agrees that the provisions of this paragraph shall not survive the delivery of the deed" and is not excepted from the merger doctrine. Unlike *Smith* v. *Frank,* 165 Conn. 200, 202, 332 A.2d 76 (1973), where a house was found not to be in good working order on the day of closing despite representations to the contrary, there is no evidence that the septic system was not in good working order at the time of closing. The trial court was justified in relying on the merger for the failure of the breach of warranty count.

There is no error.

In this opinion the other judges concurred.