[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANTS MOTION FOR SUMMARY JUDGMENT #112
On February 24, 1994, the plaintiffs, Karen and Ronald Udiskey, filed a two-count (subsequently amended) complaint against the defendants, Kathleen and Thomas Stanyon, for damages for breach of a real estate contract and escrow agreement. This action arises out of the plaintiffs purchase of a parcel of residential real property known as 27 Hall Lane, Newtown, Connecticut from the defendants. The plaintiffs allege in their amended complaint that the defendants agreed to make certain repairs to the existing well on the property to eliminate a problem with the well water. In the first count, the plaintiffs allege that the contract required the defendants to insure that the well water was within the code requirements of the Town of Newtown. In the second count, the plaintiffs allege that an additional agreement executed at the closing also obligated the defendants to resolve the well water problem. The plaintiffs allege that the defendants did not adequately repair the well, and thereby breached their obligations pursuant to the contract as well as the escrow agreement.
On February 10, 1995, the defendants filed a motion for summary judgment, a memorandum of law in support of the motion, and documentary evidence. On February 24, 1995, the defendants filed an objection to the motion with an accompanying memorandum and documentary evidence and photographs. Thereafter, on July 27, 1995, the defendants filed a reply memorandum.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
"[I]ssues of motive, intent and good faith are not properly resolved on a motion for summary judgment." Wadia Enterprises,Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506 (1992). "Our Supreme Court has repeatedly held that what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." (Internal CT Page 10591 quotation marks omitted.) Eastern Bus Lines, Inc. v. Board ofEducation, 7 Conn. App. 581, 584, 509 A.2d 1071 (1986).
The defendants argue that they are entitled to summary judgment as to the first count because the doctrine of merger, or alternatively, the language of the real estate contract which it is claimed bars the plaintiffs' claim. The doctrine of merger provides that "acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein . . . are merged in the deed although omitted therefrom." (Internal quotation marks omitted.) Knight v. Breckheimer, 3 Conn. App. 487,490, 489 A.2d 1066 (1985).
The real estate contract provides that "NO CLAIMS TO SURVIVE CLOSING: The delivery and acceptance of the deed herein described shall be deemed to constitute full compliance with all the terms, conditions, covenants and representations contained herein, except as is otherwise expressly provided by the terms of this Agreement." (see paragraph 4, pg. 7 Agreement dated May 20, 1992).
The addendum to the real estate contract, however, provides that the defendants were to "repair and dig the well deeper to at least eighty feet to: a. Meet all the requirements . . . of the Sanitary Code of the Town of Newton; 2. Obtain approval from the Town of Newtown for such repair and enlargement; and c. Make such repairs and enlargement so that after fifteen minutes of continuous running of the water no sediment appears in the water."
The plaintiffs argue that the merger doctrine does not apply to the well problem since the well was not in good working order on the day of the closing; which was agreed by the parties and was expressly recognized by virtue of the execution of the contract addendum. They also contend that the defendants have not properly and sufficiently fulfilled their duty as set out in the addendum.
The merger doctrine certainly does not bar the agreement set forth in the addendum as to the repairing of the well. The well was not working properly as evidenced by sediment in the well water, and the language of the addendum explicitly provides that the defendants were to repair the well after the closing. SeeKnight v. Breckheimer, supra, 3 Conn. App. 491 (distinguishing its facts from Smith v. Frank, 165 Conn. 20, 202, 332 A.2d 76 (1973)). Both parties submitted evidence as to the issue of compliance with the provisions of the addendum. Whether the defendants have CT Page 10592 complied with the provisions of the addendum or not creates a genuine issue of material fact.
In the second count of the complaint, the plaintiffs contend that the defendants failed to comply with the escrow agreement, which the parties also entered into at the closing. The escrow agreement provides that the defendants would "pay the amount required to solve the problem and to ensure that the well water is within the Code requirements of the Town of Newtown." The defendants argue that they have in fact resolved the problem and complied with the terms of the addendum and escrow agreement. The plaintiffs contend that the "problem" with the well water was not solved until they had a new well dug at their own expense.
The real estate contract addendum and the escrow agreement provide for a duty on the part of the defendants which by their terms survived the closing on the property.
Whether or not that duty has been properly fulfilled creates a genuine issue of a material fact and precludes disposition by way of a summary judgment.
The motion for summary judgment is denied.
RONAN, JUDGE