[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 737
In this matter the plaintiffs Benigno Rivera and Brunilda, Rivera purchased a home at 262 Lloyd street, New Haven, Connecticut from the defendants Elias Jaser, Robert A. Goeller, Loretta D. Goeller and Evelyn Coviello on or about May 15, 1992. All the parties had their own attorney at the closing except for the defendant, Elias Jaser. The defendant Evelyn Coviello has filed bankruptcy' and was withdrawn as a defendant in each of these matters. Both of these matters were consolidated and heard at the same time. It was testified to by all the parties that testified that at the closing the defendants paid to the attorney for Evelyn Coviello the sums necessary to pay all back water and sewer charges relative to this property. It was testified to that said attorney did not pay those bills and he now cannot be found. As a result the plaintiffs were sued for the water bill and had to pay $1430.18 to pay this bill. This payment was made when the Water Company, attached the rents due the plaintiffs on said property, after judgment was obtained for the same. That sum included the water bill of $719.40, Attorney's fees and costs of $523.80 and a receiver fee of $186.98.
As to the sewer bill the Water Pollution Control Authority is, now seeking to foreclose on the plaintiffs' property for the, payment of that bill. In relation to the sewer bill the plaintiffs are claiming $2801.92 damages. This is arrived at as follows:
Sewer Bill $1102.72
Simple Interest from May 1, 1992
to January 1, 1996 at 18% 726.00
per annum
Title Search fee 150.00
Appraiser Fee 225.00
Sheriff Fee 198.20
Court Entry Fee 150.00
 Attorney' s Fees 250.00 _______ CT Page 738 $2801.92
There was no written contract relative to the purchase of this, property. The defendants claim that the acceptance of the deed by " the plaintiff merged all prior agreements of the parties including any agreement relative to the payment of the water bill and sewer bills. They cite the case of Knight v. Breckheimer, 3 Conn. App. 487. This court does not agree with the defendants position. After hearing the evidence the court finds that all parties intended that all past due water bills and sewer bills would be paid by the defendants. These bills were not so paid.
The court finds the issues on each complaint for the plaintiffs and awards them damage as set forth above of $1430.18 relative to the water bill and $2801.92 damages relative to the sewer bill for total damages of $4232.10 plus costs of these suits. The court further finds that in each case the defendants failed to sustain their burden of proof on their special defenses.
Judgment may enter accordingly.
William J. Sullivan, Judge