[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action is a contract dispute between a subcontractor and general contractor in which LDA Steel (LDA), the plaintiff and subcontractor, filed a three count amended complaint. The first count alleges that LDA furnished labor and materials pursuant to a contract with Wayne Construction, Inc. (Wayne), the defendant general contractor, dated October 8, 1993, which contract was modified by a "Change Order" dated January 27, 1994. The first count further alleges that Wayne breached the terms of the contract by failing to fully pay LDA for its work. On December 1, 1994, LDA notified Wayne of its intent to terminate the contract due to Wayne's breach. The second count incorporates the first and sounds in quantum meruit. The third count incorporates the preceding two counts and sounds in unjust enrichment. Attached to the complaint, inter alia, is a copy of the contract and a copy of a rider entitled "`RIDER A' — PREVAILING WAGE INDEMNITY AGREEMENT" (the rider).
On April 12, 1996, Wayne filed a motion to dismiss pursuant to Practice Book § 142 or, in the alternative, to stay the proceeding pending arbitration pursuant to § 52-408 et seq. of the General Statutes. On July 1, 1996, the court, Moraghan, J., denied Wayne's motion to dismiss and/or stay and stated, "[u]nable to determine from Exhibits — obviously changed yet incomplete." The court also ordered: "Require counsel supply complete original termed `Rider' dated October 8, 1993." On July 17, 1996, Wayne complied with the order and filed the original contract and the rider, dated October 8, 1993.[1]
Wayne, thereafter, filed a motion for summary judgment accompanied by a memorandum and two affidavits. LDA responded by filing a memorandum in opposition accompanied by four exhibits. The court, Moraghan, J., heard argument on Wayne's summary judgment motion, and on December 13, 1996, directed counsel to respond to the following issues:
 1. Is a motion for summary judgment an appropriate remedy at this point, and what is the authority for that proposition? CT Page 4499
 2. Is a motion to dismiss an appropriate remedy at this point, and what is the authority for that proposition?
On January 13, 1997, LDA and Wayne filed briefs on these issues.
Before reaching the merits of Wayne's motion, it should be noted that Wayne's motion for summary judgment is procedurally inappropriate. It did not cite any authority for the proposition that a judgment as to liability in a civil action is appropriate on the ground that a plaintiff has failed to submit its claim to arbitration. In its summary judgment motion, Wayne requests the court as follows: "In the alternative, the defendant renews its Motion to Dismiss this action. Said Motion was denied by this Court [Moraghan, J.] on 7/18/96." The court, therefore, will treat the motion for summary judgment as the defendant's renewed motion to dismiss and/or stay pending arbitration.
"Arbitration is a creature of contract. . . . But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. . . . The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention . . . ." (Internal quotation marks omitted.)Spicer v. Spicer, 33 Conn. App. 152, 159-160 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994).
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. . . . When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." (Citations omitted; footnote omitted; internal quotation marks omitted.)Levine v. Massey, 232 Conn. 272, 277-278 (1995). "When there are multiple writings regarding the same transaction, the writings should be considered together to determine the intent of the parties." Mongillo v. Commissioner, 214 Conn. 225, 229 (1990).
In the present case, the contract provides, inter alia, that: CT Page 4500 "Any dispute arising from this contract shall be settled by arbitration under the rule of the American Arbitration Association." (Sub-Contract Agreement, dated October 8, 1993.) The rider, entitled "Prevailing Wage Indemnity Agreement," provides, in relevant part: "Any and all disputes, claims, causes of action, and any other matters arising out of or in connection with this Agreement of the American Arbitration Association at the White Plains, New York Regional Office." (The Rider ¶ 3.) It also recites that: "This Agreement is governed by . . . the Contract documents." (The Rider ¶ 4.) The language of paragraph four of the rider clarifies the language of paragraph three. When the contract and the rider are read together, the court is constrained to find that the parties intended that the terms in the contract would govern the provisions in the rider. The contract unambiguously provides that all contractual disputes would be settled by arbitration.
The circumstances surrounding the execution of the documents also supports this conclusion. The contract and the rider involved the same parties and were part of the same transaction. The documents were executed on the same day, October 8, 1993, and signed by the same people, De Almeida for LDA and Mitchell Saunders for Wayne. Furthermore, the rider merely provides that LDA would indemnify Wayne in the event of a wage dispute by LDA's workers; it does not purport to alter or modify the material elements or the performance of the contract.[2] The language in paragraph four of the rider, and the unambiguous language of the contract, remove any ambiguity created by paragraph three of said rider, and the language in the contract controls with respect to the issue of arbitration. At the time of the execution of the contract, the court finds that it was the intent of the parties to arbitrate any dispute arising from the contract.
Wayne argues that adjudication at this time is inappropriate because the contract expressly provides that all disputes arising from the contract would be settled by arbitration. The thrust of this argument is that the court lacks subject matter jurisdiction over the action because arbitration is a condition precedent to bringing an action at law. It concludes that the court should therefore dismiss LDA's complaint. Wayne also argues that the court should stay LDA's action pending arbitration pursuant to § 52-409 of the General Statutes. Wayne contends that this remedy is appropriate because the contract expressly provides for arbitration and it is ready and willing to submit to arbitration. In response, LDA argues that the contract did not provide for CT Page 4501 arbitration.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). Practice Book 143 provides, in part, that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Tolly v. Departmentof Human Resources, 225 Conn. 13, 29 (1993).
"Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the agreement. . . . In the absence of such express language, a provision for arbitration may be construed to be a condition precedent to suit by implication, but that implication must be so plain that a contrary intention cannot be supposed nor any other inference made." (Citation omitted.) Kantrowitz v. Perlman,156 Conn. 224, 227 (1968). "The mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to an action in court."Multi-Service Contractors Inc. v. Vernon, 181 Conn. 445, 448
(1980). "The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate." 5 Am.Jur.2d, Arbitration and Award, 36, p. 543. See Bryan v.Warnaco, Inc., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 333981 (July 26, 1996, Ballen, J.) (no express or implied condition precedent in the arbitration clause was found, the motion to dismiss was denied based on lack of subject matter jurisdiction).
The arbitration clause does not contain an express or implied stipulation that arbitration must be had before bringing a claim before the court. It simply provides that disputes arising out of the contract will be settled by arbitration. Accordingly, the court must deny Wayne's motion to dismiss.
Nevertheless, pursuant to § 52-409, "when an action is CT Page 4502 brought in the trial court by a party to a written agreement that includes provisions for arbitration, and the trial court is satisfied that an issue involved in the action is arbitrable, the court, on motion of any party to the agreement, shall stay the action until arbitration has been had in compliance with the agreement. . . . As a condition precedent to the issuance of a stay order by the trial court, the moving party must be ready and willing to proceed with arbitration . . . ." [Before the acting on a motion to stay pursuant to § 52-409], "the trial court must determine whether the contract between the parties provides for arbitration." Success Centers. Inc. v. Huntington LearningCenters, Inc., 223 Conn. 761, 767, 769.
The court indeed finds that the contract provides for arbitration of this dispute. Furthermore, in its motion to stay, Wayne asserted that it was ready, able and willing to arbitrate the plaintiff's claims. LDA, by agreeing to the arbitration clause in the contract, agreed to submit all disputes arising from the contract to arbitration. Saxe v. Anderson Kill Olick Oshinsky, Superior Court, judicial district of New Haven, Docket No. 385479 (July 23, 1996, Meadow, J.) (motion to stay pending arbitration granted where the movant asserts in its motion that is ready and willing to proceed to arbitration). In the present action, LDA seeks to recover money owed pursuant to the contract under legal and equitable theories. Accordingly, LDA's claim involves disputes arising out of the contract. Wayne is entitled to a stay of this proceeding pursuant to § 52-409.
Wayne's motion to dismiss is denied, and the motion to stay pending arbitration is granted.
Moraghan, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4508