ANNE S. WEEKS *v.* SIDNEY B. KRAMER ET AL.
(AC 15686)

Spear, Hennessy and Stoughton, Js.

Argued March 5—officially released June 3, 1997

*Christopher J. McCaffrey*, with whom, on the brief, was *Douglas R. Steinmetz*, for the appellant (plaintiff).

*Howard C. Kaplan*, with whom was *Valerie E. Maze*, for the appellees (defendants).

*Opinion*

STOUGHTON, J. The plaintiff appeals from the judgment of the trial court granting the defendants' motion for summary judgment. On appeal, the plaintiff claims that the trial court improperly found that the restrictive covenant at issue did not run with the land and thus improperly granted the defendants' motion for summary judgment. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. The plaintiff owns a hilltop lot, designated as lot no. thirteen, which overlooks Long Island Sound. The defendants own a lot designated as lot no. twelve, which is located next to and downhill

from the plaintiff's lot. To the south is another lot now or formerly owned by Elizabeth Keith and designated as lot no. fourteen.

All of these lots and several others were once owned by Hudson Nut Products, Inc. (Hudson Nut). The first of these lots to be sold by Hudson Nut was lot no. fourteen. Lot no. fourteen was sold to Keith and the deed contained several restrictions and covenants. Paragraph eight[1] of the Keith deed provided that no trees, shrubs or structures on lot no. fourteen should be greater in height than the first floor of the house to be erected on lot no. thirteen, and that no trees, shrubs or structures on the two lots to the south of lot no. fourteen should exceed the level of the ground floor of the house on lot no. fourteen. Paragraph eleven[2] provided that all of the covenants and restrictions would run with the land except for paragraph eight and part of another paragraph, stating that paragraph eight should run only with lot no. fourteen and the two lots to the south.

When Hudson Nut subsequently sold lots no. twelve and thirteen, the covenants and restrictions from the Keith deed were either copied or incorporated by refer-

---

[1] Paragraph eight of the Keith deed states: "Except for existing trees which may be maintained at their present height, no trees or shrubs shall be maintained nor shall any building be constructed on Lot No. 15 or on Lot No. 18 higher than the present level of the ground floor of the house on Lot No. 14 above described. No tree or building shall be erected or maintained on the above described Lot No. 14 higher than the level of the ground floor of the house to be erected on Lot No. 13, except for existing trees and buildings which may be maintained at their present height."

[2] Paragraph eleven of the Keith deed states: "The foregoing covenants, except for Paragraph 8 and the exception contained in Paragraph 10, shall be real covenants running with the land and will be binding upon all future owners of property lying on the roadway running to Compo road in a Northerly, Westerly, Northerly again, and Easterly direction to a traffic circle at the end of said road, except that the covenants contained in Paragraph 8 shall be real covenants running only with Lots Nos. 14, 15 and 18 and shall run only with the title to these three (3) lots."

ence in the later deeds. The reference to specific lots in paragraph eight[3] was eliminated in the subsequent deeds because the references to those lots were inappropriate in the subsequent deeds. Paragraph eleven[4] was also changed by eliminating the provision that paragraph eight was to run with specific lots. The language in paragraph eleven that all of the covenants and restrictions were to run with the land except for paragraph eight and a part of another paragraph was retained. In the later deeds, however, paragraph eight was significantly altered by adding the language "to the grantees, their heirs and assigns." In the Keith deed, paragraph eight contained no reference to the grantee and the covenant simply referred to the relevant lot numbers. That difference is significant because it demonstrates an intent to have the restrictions of paragraph eight run with the land.

In the trial court, the plaintiff claimed that the covenant restricting vegetation and building height found in paragraph eight of the defendants' deed ran with the land and thus applied to the defendants for the benefit of the plaintiff's land. Further, the plaintiff claimed that the defendants had improperly allowed trees, shrubs and other vegetation on their land to grow to a height that blocked the plaintiff's view of Long Island Sound and thus violated the restrictive covenant. The trial court found that paragraph eight of the defendants'

---

[3] Paragraph eight in the subsequent deeds such as the Kramers' deed states: "Except for existing trees, which may be maintained at their present height, no trees, shrubs or buildings shall be erected or maintained by the Grantees, their heirs and assigns on the land purchased and to be purchased by the Grantees under an existing option, higher than the level of the ground floor of the house to be erected on Lot No. 13."

[4] Paragraph eleven in the subsequent deeds such as the Kramers' deed states: "The foregoing covenants, except for Paragraph 8 and the exception contained in Paragraph 10, shall be real covenants running with the land and will be binding upon all future owners of property lying on the roadway running to Compo Road in a Northerly, Westerly, Northerly again and Easterly direction to a traffic circle at the end of said road."

deed was not a restrictive covenant running with the land, principally because of the language in paragraph eleven, and granted the defendants' motion for summary judgment. This appeal followed.

The question of whether a restrictive covenant runs with the land is "resolved by ascertaining the intent of the parties as expressed in the deed. . . . This intent is determined by considering the language and the relevant portions of the deed in light of the then existing situation of the property and the current surrounding circumstances." (Citations omitted.) *Stiefel* v. *Lindemann*, 33 Conn. App. 799, 805–806, 638 A.2d 642, cert. denied, 229 Conn. 914, 642 A.2d 1211 (1984). "The words used by the parties must be accorded their common meaning and usage where they can be sensibly applied to the subject matter of the contract." (Internal quotation marks omitted.) *Leonard Concrete Pipe Co.* v. *C. W. Blakeslee & Sons, Inc.*, 178 Conn. 594, 598, 424 A.2d 277 (1979). "The determination of the intent expressed in a deed presents a question of law." *Stiefel* v. *Lindemann*, supra, 806.

It is well settled that where a restrictive covenant contains words of succession, i.e., "heirs and assigns," a presumption is created that the parties intended the restrictive covenant to run with the land. See *Kelly* v. *Ivler*, 187 Conn. 31, 39–40, 450 A.2d 817 (1982); *Pulver* v. *Mascolo*, 155 Conn. 644, 650–51, 237 A.2d 97 (1967); *Chappell* v. *New York, New Haven & Hartford R. Co.*, 62 Conn. 195, 202–203, 24 A. 997 (1892); *Stiefel* v. *Lindemann*, supra, 33 Conn. App. 806.

Although the defendants' deed may represent an inartful way of accomplishing the purpose of protecting the higher lots' view from interference by the growth of plant life and structures on the lower lots, we find that this purpose is obvious and clear. The statement in paragraph eleven that other restrictions run with the

land is not at all the same as saying that paragraph eight does not run with the land. While more careful draftsmanship would have avoided this problem, the addition of the language "to the grantees, their heirs and assigns" to paragraph eight can have no other purpose than to indicate that this paragraph is indeed intended to run with the land.

Therefore, in light of the surrounding circumstances and the language used in the covenant, we conclude that paragraph eight of the defendants' deed is a restrictive covenant that was intended to, and does, run with the land.

The judgment is reversed and the case is remanded with direction to deny the motion for summary judgment and for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.