[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendants move to strike counts one and two, and the prayer for relief of the plaintiffs' amended complain.
The plaintiffs in this case are successors in interest to properties known as 1038 Farmington Avenue, 1040-46 Farmington CT Page 5942 Avenue and 2-4 Grennan Road (collectively referred to as "1038 Farmington"). The defendants, Trustees of Eleanor B. Reiner Irrevocable Trust A, d/b/a Intertown Realty Company, own property adjacent to the plaintiff's property known as 25 Stanley Street. The defendants are successors in interest to the prior owners of portions of said property, namely, Cleo C. Grinold, Leo P. Reiner, Jeffrey Reiner, Eleanor Reiner and Reiner Realty. The plaintiffs brought this action by way of a two count amended complaint dated August 14, 1997. They allege claims for a breach of a covenant to maintain, repair and plow a right of way over the defendants' property and for a breach of the defendants' obligations pursuant to an option agreement.
The plaintiffs allege the following facts in their amended complaint. On October 30, 1967, The Andrews Corporation transferred by warranty deed to Grinold the property known as 1038 Farmington, in West Hartford, Connecticut. At the time of this transfer, The Andrews Corporation, owners of the adjacent land known as 25 Stanley, included in the deed to Grinold a right to use a twelve foot right of way over the southern boundary of 25 Stanley for passage by pedestrians and vehicles. In turn, Grinold covenanted and agreed to share equally in the cost of maintaining and repairing the right of way.
On February 25, 1977, Grinold and Jeffrey Reiner, d/b/a Reiner Realty, executed an option agreement which gave Reiner Realty the exclusive right to purchase from Grinold a five foot by eight foot portion of 1038 Farmington. The option provided that if it was exercised by June 1, 1977, Reiner Realty or its successors and/or assigns, agreed to "maintain, repair and snow plow a right of way for pedestrian and vehicular use for the seller from the seller's garages to Stanley Street, including the paved area south of and in front of the garages." (Amended Complaint, Count 1, ¶ 7.) The option also provided that if it was exercised, it would "become a land purchase contract duly binding on the Seller and Buyer, and their respective successors and assigns." (Amended Complaint, Count 1, ¶ 10.) Jeffrey Reiner exercised this option to purchase said strip of land by letter dated May 16, 1977.
The 25 Stanley Street property that adjoined the option parcel was conveyed by warranty deed from M. Morris Andrews to Leo Reiner on July 19, 1977. According to the plaintiffs, Leo Reiner planned to build a twelve-unit apartment building on the Stanley parcel. In order to build the apartment units, the CT Page 5943 Stanley property had to be at least 36,000 square feet to comply with zoning requirements. The plaintiffs allege that the defendants purchased the option parcel so that the Stanley property would meet the zoning requirement. They also allege that another portion of the 1038 Farmington parcel was transferred to Leo Reiner from Grinold for the same purpose.
The plaintiffs further allege that subsequent to the transfers, Mr. Reiner reconstructed a one hundred foot driveway on the right of way which was paid for solely by Mr. Reiner. Grinold ceased paying for any share of the cost of maintaining, repairing or plowing the right of way.
On September 16, 1986, the plaintiffs purchased 1038 Farmington from Grinold, who transferred title by warranty deed. The plaintiffs recorded the option at the time of the transfer. The warranty deed provided that 1038 Farmington was conveyed together with any rights that Grinold had pursuant to the option. Therefore, when the defendants refused to repair the driveway over the right of way, the plaintiffs brought this action. Count one alleges that the refusal to repair, maintain and plow the driveway is a breach of the covenants made as part consideration for the purchase of the option parcel which defendants agreed to when they acquired 25 Stanley from Leo Reiner. In count two, the plaintiffs allege that the refusal to repair, maintain and plow the driveway constitutes a breach of the defendants' obligations pursuant to the option agreement, which was binding on the original parties, their successors an assigns.
The defendants now move to strike both counts of the amended complaint and the prayer for relief. Pursuant to Practice Book § 155, now Practice Book (1998 Rev.) § 10-42, the defendants filed a memorandum of law in support of their motion to strike. The plaintiffs filed a memorandum of law in opposition on April 1, a week after the motion appeared on the short calendar.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
CT Page 5944 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. . . ." (Citations omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autuori, 236 Conn. 820, 826, 576 A.2d 357 (1996).
Practice Book § 155, now Practice Book (1998 Rev.) §10-42, provides in relevant part that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. . . . Any adverse party who objects to this motion shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law."
The plaintiffs in the present case have failed to file a memorandum of law, in opposition to the motion to strike five days prior to the short calendar as required by the Practice Book. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed to be consent to the motion to strike. See Hughes v. Bemer, 200 Conn. 400, 402, 510 A.2d 992
(1986). The Practice Book rule "[has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section."Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,13 n. 1, 578 A.2d 646 (1990); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessey, J.) (5 Conn. L. Rptr. 201, 202). "Although a timely memorandum is required, the failure to so file it can be waived by the trial court." Fitzpatrick v. EastHartford B.P.O. Elks, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 380905 (January 25, 1991, Clark, J.) (3 Conn. L. Rptr. 163, 164). In the instant case the court waives the untimely filing and addresses the merits of the motion.
The defendants argue in support of their motion to strike that count one is legally insufficient because it fails to allege any facts showing that the deed by which the defendants' predecessors acquired the land in issue contains a covenant to repair or maintain the driveway. The defendants argue further that pursuant to the doctrine of merger, the plaintiffs are precluded from asserting any contractual rights that might have been contained in the underlying purchase contract. The plaintiffs admit in their memorandum in opposition that the deed CT Page 5945 to Leo Reiner from Grinold does not specifically include the language of the covenant. They argue, however, that the allegations in count one are sufficient to show that the covenant to maintain, repair and snow plow the driveway was intended to supersede the conveyance by deed.
The doctrine of merger provides that "acceptance of a deed in pursuance of articles of agreement for the conveyance of land is prima facie the completion of the contract; and all stipulations contained therein . . . are merged in the deed although omitted therefrom." (Internal quotation marks omitted.) Knight v.Breckheimer, 3 Conn. App. 487, 490, 489 A.2d 1066 (1985). The merger doctrine, however, "does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed." Id., 491. See also Mongillo v.Commissioner, 214 Conn. 225, 231, 571 A.2d 112 (1990) (explaining that "under the principle of merger by deed, the terms of the deed would automatically replace and supersede the terms of the underlying contract, absent a reservation of collateral rights"). "Although acceptance of the deed is prima facie [the completion of the contract], that is not dispositive of the issue. Rather, a party seeking to avoid the merger doctrine, may defeat the presumption by producing evidence of intent that certain stipulations and representations in the contract of conveyance were to survive the deed." Covey v. Comen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 276269 (May 4, 1992, Katz, J.).
In count one, the plaintiffs allege that Jeffrey Reiner exercised an option agreement that became "a land purchase contract duly binding on the Seller and Buyer, and their respective successors and assigns." (Amended Complaint, Count 1, ¶ 10.) The plaintiffs also allege that 1038 Farmington was conveyed to them by warranty deed, "together with any rights that Grinold had pursuant to the option." (Amended Complaint, Count 1, ¶ 24.) Furthermore, the plaintiffs allege that the defendants and their predecessors in title maintained the right of way without seeking reimbursement from the plaintiffs or their predecessors in interest.
The court finds that the defendants have not satisfied their burden that the plaintiffs' claim is legally insufficient as a matter of law. Viewing the allegations of count one in the light most favorable to the plaintiffs, this court finds that the allegations are sufficient to claim that the terms of the CT Page 5946 contract were intended to survive the deed. At the very least, the issue of whether the covenant contained in the contract merged in the deed presents a question of fact regarding the intention of the parties. See Spatola v Spatola, 4 Conn. App. 79,82, 492 A.2d 518 (1985) (holding that intent is a question of fact); Hill v. Bank of South Windsor, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551644 (April 8, 1996, Hennessey, J.) (16 Conn. L. Rptr. 401) (same);Arsenault v. Crossen Builders, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 096791 (May 2, 1991, Leuba, J.) (4 Conn. L. Rptr. 12) (holding that the issue of whether covenants contained in a contract merge in the deed involves a question of fact). Such a factual question is not properly resolved on a motion to strike. See Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985) (holding that a motion to strike shall not be used to determine facts); Hughes v.National Car Rental Systems. Inc., 22 Conn. App. 586, 590,577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 57 (1990) (holding that "[i]f there is room for a reasonable disagreement, the question should be submitted to the trier of fact . . . and not determined by the court on a motion to strike").
The defendants also argue that count one is legally insufficient because it fails to state facts showing that the covenant which the plaintiffs seek to enforce runs with the land. The defendants do not cite, nor has the court found, any cases which require a plaintiff to plead that the covenant runs with the land. "[W]here a restrictive covenant contains words of succession, i.e., `heirs and assigns' a presumption is created that the parties intended the restrictive covenant to run with the land." Weeks v. Kramer, 45 Conn. App. 319, 323, 696 A.2d 361, cert. granted, 243 Conn. 917, 701 A.2d 339 (1997), appeal dismissed, 244 Conn. 203, ___ A.2d ___ (1998). The covenant at issue contains such language of succession. The defendants' argument is without merit.
The defendants move to strike count two on the ground that any rights that the plaintiffs might have had pursuant to the option contract merged in the deed. Thus, the motion to strike count two also concerns the doctrine of merger. Whether the terms of the option contract merged in the deed involves a factual question that is not properly resolved on a motion to strike. Any reliance on Knight v. Breckheimer, supra, 3 Conn. App. 490-91, by the defendants is misplaced. In that case, the agreement specifically provided that "[t]he Buyer agrees that the CT Page 5947 provisions of this paragraph shall not survive the delivery of the deed." Id. On the contrary, the option contract in the present case specifically states that it is "duly binding on the Seller and Buyer, and their respective successors and assigns." (Amended Complaint, Count 1, ¶ 10.)
Finally, the defendants move to strike the prayer for relief. A motion to strike may be used to challenge the legal sufficiency of a prayer for relief. A motion to strike a prayer for relief is properly granted where "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984). The defendants argue that "in the absence of a factual framework for relief, the Court should also strike the Plaintiffs' Prayer for Relief." (Defendants' Memorandum, p. 9.) Because the court has found that counts one and two are legally sufficient claims upon which relief may be granted, the defendants' argument is without merit. Accordingly, the motion to strike the prayer for relief is denied.
For the foregoing reasons, the court denies the defendants' motion to strike counts one and two, and the prayer for relief of the plaintiffs' amended complaint.
Hennessey, J.