[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Stephen Black and Mary Strachn, seek damages for the failure of the defendants, Kelly Moye and Kelly Moye, Jr., to make repairs to a building prior to the closing at which the plaintiffs purchased the building from the defendants. The complaint is in two counts. In the first count, the plaintiffs CT Page 4729 allege that they entered into a contract with the defendants for the purchase of the building and that, by an addendum to the contract, the defendants agreed to make certain repairs to the property. The plaintiffs claim that the defendants failed to make the repairs. In the second count, the plaintiffs restate the allegations in the first count and add that the defendants were required by the plaintiffs' mortgage lender to complete certain repairs prior to closing and that the defendants falsely represented to the plaintiffs' mortgage lender that they had performed the repairs to induce the lender to pay them the proceeds of the loan.
Other than admitting that the plaintiffs and defendants executed a contract on March 27, 1995 for the purchase and sale of the property, the defendants deny the allegations of the complaint. By way of special defenses, the defendants claim that they completed all work and repairs required under the terms of the agreement between the parties and that "[b]y acceptance of the Warranty Deed by the Plaintiffs at closing, they acknowledged the completion of the work and extinguished any further obligation under the terms and conditions of the Contract of Sale."
The court finds the issues for the plaintiffs and against the defendants. The addendum to the contract entered into by the parties provided, inter alia:
 6. THE SELLER HAS AGREED TO CERTAIN REPARATIONS [sic] ON THE PREMISES, THEY ARE: a) THE REPAIR TO THE ROOF b) THE REPAIRS TO THE WATER HEATERS AND PLUMBING IN THE BASEMENT c) THE SELLER HAS VERBALLY AGREED TO MORE REPAIRS, WHICH WILL BE WRITTEN DOWN AND REVIEWED BEFORE THE CLOSING.
. . .
 9. BASED ON THE INSPECTIONS THE PROPERTY MUST BE STRUCTURALLY AND MECHANICALLY SOUND, AS WELL AS THE PLUMBING AND ELECTRICAL BEING UP TO CITY CODES AND STANDARDS.
The plaintiffs' purchase of the property was financed largely by a Veterans' Administration loan processed through Commonwealth Mortgage Company. Commonwealth Mortgage required that the CT Page 4730 defendants make repairs to the property, enumerated in a written list. (Exhibit 51) The defendant Kelly Moye (Sr.), agreed to make these repairs in order to sell the property. Both the mortgagee and the plaintiffs, mortgagors, were intended beneficiaries of this agreement.
The named plaintiff was a credible if somewhat disabled[1]
and unsophisticated man. The defendants' witnesses were not credible. To say that the defendant, Kelly Moye, Sr., was not credible would be gross understatement. The man blatantly and flagrantly lied throughout his testimony. The court is convinced that he entered into the two foregoing agreements with no intention to fulfill them and made the representations he made to induce the plaintiffs (as well as Commonwealth Mortgage) to close the transaction. The plaintiffs, in the words of the plaintiff Stephen Black, "took him at his word" and relied on his representations. See generally, Smith v. Frank, 165 Conn. 200,202, 332 A.2d 76 (1973).
The closing occurred on November 22, 1995. The repairs were never performed. The defendants breached the Addendum agreement and the defendant Kelly Moye, Sr. breached his agreement with Commonwealth Mortgage.
In their second special defense, the defendants claim that their agreement to repair contained in the addendum to the contract of sale was extinguished when the plaintiffs accepted a warranty deed from them at the closing. It is true that "under the principle of merger by deed, the terms of the deed would automatically replace and supersede the terms of the underlying contract, absent a reservation of collateral rights." Mongillo v.Commissioner, 214 Conn. 225, 231, 571 A.2d 112 (1990). However, the doctrine of "merger does not apply to those provisions of the antecedent contract which the parties do not intend to be incorporated in the deed." Knight v. Breckheimer,3 Conn. App. 487, 491, 489 A.2d 1066 (1985); see also Matyas v. Minck,37 Conn. App. 321, 337, 655 A.2d 1155 (1995). The parties did not intend that the defendants' representation in the addendum to the contract, that they would make certain repairs, would be incorporated into the deed.
The plaintiffs seek damages equal to the difference between the fair market value of the property without the repairs and the value of the property after repairs, as evidenced by a copy of the repairs required by Commonwealth Mortgage. Such a measure of CT Page 4731 damages would be entirely inappropriate here. First, the court cannot find that none of the repairs required by Commonwealth Mortgage were made. Second, "[t]he general rule regarding breaches of contract, whether relating to real or personal estate, is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed. . . . There is no unbending rule as to the evidence by which such compensation is to be determined. In some cases the sum which will furnish such compensation may properly be ascertained by evidence of the difference in the value of the property, upon which structures are to be placed or repairs are to be made, with and without such repairs or structures. But the object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing which he contracted to do; and such value to be estimated at the time when the act in question should have been executed. . . . Such value may often properly be shown by proof of what it would cost to perform the omitted acts." (Internal quotation marks omitted.)Lee v. Harris, 85 Conn. 212, 214-15, 82 A. 186 (1912)
In addition, the plaintiffs' claim of loss of rental income for two apartments in the building for a two-year period is not credible nor warranted in law by the doctrine of mitigation of damages.
The defendants failed to properly repair the roof ($1,500) and repair of plumbing ($900) as required by the addendum agreement to the contract of sale. In addition, the defendant Kelly Moye, Sr. fraudulently misrepresented that he would repair windows ($6,000), replace the furnace ($1,400), replace the damaged carpet flooring ($1,100), repair the ceiling damaged by the deficient roof ($200), and provide sheet-rock in the basement ($1,500). The cost of repairing the electrical system was not proved by a fair preponderance the evidence.
Judgment may enter in favor of the plaintiffs and against the defendant Kelly Moye, Jr. in the amount of $2,400.00. Judgment may enter against the defendant Kelly Moye (Sr.) in the amount of $11,300.00.
BY THE COURT
CT Page 4732
Bruce L. Levin, Judge of the Superior Court