SOVEREIGN BANK *v.* JAMES LICATA ET AL.
(SC 18477)

Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

Argued January 11—officially released February 21, 2012

*Kenneth A. Votre*, with whom, on the brief, was *Michele D. Sensale*, for the appellant (substitute plaintiff).

*Ridgely Whitmore Brown*, for the appellee (defendant Cynthia Licata).

### Opinion

PER CURIAM. A jury awarded the defendant Cynthia Licata[1] $500,000 on her counterclaim, which alleged, inter alia, that the substitute plaintiff, Seven Oaks Partners, L.P. (plaintiff), had made certain negligent misrepresentations to the defendant following an oral forbearance agreement[2] that the plaintiff had entered into with the defendant. The trial court rendered judgment in accordance with the $500,000 jury award, and the plaintiff appealed to the Appellate Court, maintaining, inter alia, that the trial court improperly had denied its

---

[1] Although other defendants were named in the complaint filed by the original plaintiff, Sovereign Bank, Cynthia Licata is the only remaining defendant. We therefore refer to her as the defendant throughout this opinion.

[2] Pursuant to the agreement, the plaintiff agreed not to foreclose a mortgage on certain of the defendant's real property.

motions for judgment notwithstanding the verdict and to set aside the verdict with respect to the defendant's negligent misrepresentation claim because that claim was based on the oral forbearance agreement and, therefore, was barred by the statute of frauds, General Statutes § 52-550 (a) (4). *Sovereign Bank* v. *Licata*, 116 Conn. App. 483, 495, 977 A.2d 228 (2009). The Appellate Court rejected the plaintiff's contention, concluding that the defendant's negligent misrepresentation claim did not rest solely on the oral forbearance agreement. Id., 497. The Appellate Court determined, rather, that the defendant's claim rested on allegations that the plaintiff had made certain misrepresentations to the defendant during the period of foreclosure on which the defendant had relied to her detriment, and, consequently, her claim sounded in tort and was not barred by the statute of frauds. Id., 497, 502. The Appellate Court therefore affirmed that part of the trial court's judgment awarding the defendant damages on her negligent misrepresentation claim.[3] See id., 502, 505, 510. This court then granted the plaintiff's petition for certification to appeal to this court, limited to the following issue: "Whether the Appellate Court properly concluded that the statute of frauds . . . does not bar an action brought in tort [that] relies in whole or in part [on] terms of an agreement that is barred specifically by § 52-550 (a) (4)?" *Sovereign Bank* v. *Licata*, 293 Conn. 935, 981 A.2d 1080 (2009).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[3] The Appellate Court addressed certain additional claims concerning other issues that had been raised in and decided by the trial court. None of those issues, however, is relevant to this certified appeal, and we therefore need not address them.