THE NATIONAL GROUPS, LLC *v.* CHARLES NARDI ET AL.
(AC 34998)

Lavine, Sheldon and Pellegrino, Js.

Argued May 16—officially released August 27, 2013

*Richard P. Weinstein*, with whom, on the brief, was *Nathan A. Schatz*, for the appellant (plaintiff).

*Michael D. Goldfarb*, with whom was *Robert E. Kaelin*, for the appellees (defendants).

*Opinion*

PELLEGRINO, J. The plaintiff, The National Groups, LLC, appeals from the judgment in favor of the defendants, Charles Nardi and Marie Nardi, on a claim of

negligent misrepresentation. On appeal, the plaintiff contends that the trial court improperly determined that the plaintiff did not actually or reasonably rely on the terms of the parties' contract. We disagree and affirm the judgment of the trial court.

The record reflects the following undisputed facts and procedural history. The defendants, lessees pursuant to a ground lease, own an office building on property located in Glastonbury.[1] From 2008 to 2011, the defendants were engaged in litigation with the ground lessor, Grunberg 628 Hebron, LLC (ground lessor), regarding the amount of parking available under the terms of the ground lease (pending litigation).[2] The plaintiff, owned in part by Lori Arute, was interested in acquiring the defendants' office building for the purpose of relocating its business.

On March 4, 2009, Kenneth Gruder, the plaintiff's attorney, telephoned Daniel Mara, the defendants' attorney, and expressed the plaintiff's interest in acquiring the property. During this conversation, Gruder also stated that the plaintiff was concerned about the pending litigation.[3] Gruder and Mara facilitated the parties' negotiations and collaboratively drafted the operative lease agreement and option to buy the office building (agreement). The plaintiff and the defendants executed the agreement on March 16, 2009, despite the fact that the pending litigation had not yet been resolved.

[1] Under the terms of the ground lease, the defendants have the right to possess the land until 2085, and can build or make improvements at their own expense. The ground lessor collects a set annual rent and, upon the expiration or termination of the ground lease, the ground lessor takes title to any buildings or improvements.

[2] See *Nardi* v. *Grunberg 628 Hebron, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-08-4038808-S (April 7, 2011, *Hon. Robert Satter*, judge trial referee).

[3] Mara memorialized the substance of the March 4, 2009 conversation in a memo to file on March 6, 2009. The court credited Mara's testimony, which was consistent with the memo.

Mara prepared the initial draft of the agreement based on a form contract that included a provision stating that the defendants had "no . . . knowledge, information or notice . . . of any pending, threatened or contemplated judicial or administrative action, relating to the Premises, any part thereof, or the present or [the plaintiff's] intended uses thereof." This misstatement escaped the attention of both Mara and Gruder, and the provision inadvertently was included as paragraph 10 (d) in the agreement signed by both parties. When the pending litigation concluded, the defendants were entitled to use only forty-eight of the eighty-eight available parking spaces. Consequently, this left the plaintiff with insufficient parking for its employees, and, thus, when the agreement ended, the plaintiff did not exercise its option to buy the property.

The plaintiff filed a complaint alleging, inter alia, negligent misrepresentation arising out of the assertion in paragraph 10 (d) that there was no pending litigation related to the property. Following a court trial, the court concluded that the plaintiff did not prove that it actually or justifiably had relied on the defendants' admitted misstatement.[4] The court based its decision primarily on the fact that the plaintiff, through Gruder, had actual knowledge of the pending action. Charged with this knowledge, the plaintiff could not claim actual or justifiable reliance on paragraph 10 (d). Although the court found Arute's testimony that she was unaware of the pending litigation credible, it did not credit Arute's testimony that she had relied on the relevant provision when entering into the agreement. The court cited the inconspicuous nature of paragraph 10 (d) in relation to the

---

[4] The court stated that "the plaintiff did not actually or justifiably rely on [the defendants'] misstatement . . . ." Our case law uses the term "reasonably" interchangeably with "justifiably" when considering whether a plaintiff's reliance is sufficient for purposes of negligent misrepresentation. See, e.g., *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 73, 873 A.2d 929 (2005). We continue that practice herein.

seventy-five page agreement. The court reasoned that "[t]he testimony did not satisfy the court that [Arute, as principal for the plaintiff] read this rather generic paragraph and, from that reading, assured herself that there was no pending litigation over parking at the property," and rendered judgment in favor of the defendants. This appeal followed.

On appeal, the plaintiff claims that (1) the court improperly concluded as a matter of law that it did not rely on paragraph 10 (d), and, in the alternative, (2) the court's finding that the plaintiff did not actually or justifiably rely on paragraph 10 (d) was clearly erroneous. We disagree.

We begin by setting forth the legal principles applicable to this appeal. "Our Supreme Court has long recognized liability for negligent misrepresentation. . . . The governing principles [of negligent misrepresentation] are set forth in similar terms in § 552 of the Restatement Second of Torts (1977): One who, in the course of business, profession, or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Emphasis in original; internal quotation marks omitted.) *Savings Bank of Manchester* v. *Ralion Financial Services, Inc.*, 91 Conn. App. 386, 389–90, 881 A.2d 1035 (2005). Even an innocent misrepresentation can give rise to liability if the speaker reasonably should have known the truth. *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 33, 72–73, 873 A.2d 929 (2005). In order to prevail, however, the plaintiff is required to prove reasonable reliance on the defendant's misrepresentation. *Visconti* v. *Pepper Partners Ltd. Partnership*, 77 Conn. App. 675, 682, 825 A.2d 210 (2003).

Reliance on a statement may become reasonable based on context, the statement's formal nature, the relationship between the parties; see *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 580, 657 A.2d 212 (1995); or when the statement is made by an individual with specialized knowledge; *Richard* v. *A. Waldman & Sons, Inc.*, 155 Conn. 343, 346–47, 232 A.2d 307 (1967). "We have consistently held that reasonableness is . . . determine[d] based on all of the circumstances." *Williams Ford, Inc.* v. *Hartford Courant Co.*, supra, 580. Reliance on a contractual term or a writing is not automatically reasonable—a court still must give due consideration to the surrounding circumstances. *Savings Bank of Manchester* v. *Ralion Financial Services, Inc.*, supra, 91 Conn. App. 391–92 (plaintiff's knowledge regarding facts underlying contractual term relevant); see *Petitte* v. *DSL.net, Inc.*, 102 Conn. App. 363, 373, 925 A.2d 457 (2007) (unreasonable to rely on employment offer letter because letter did not guarantee employment and employment was at-will).

The plaintiff's knowledge is particularly relevant to determining whether, under all the circumstances, reliance was reasonable. See *Gibson* v. *Capano*, 241 Conn. 725, 733–34, 699 A.2d 68 (1997) (innocent misrepresentation); see also *Visconti* v. *Pepper Partners Ltd. Partnership*, supra, 77 Conn. App. 683–84. Knowledge of the fact misrepresented can preclude a claim that reliance on a contrary representation was reasonable. *Gibson* v. *Capano*, supra, 734 (plaintiffs' knowledge of underlying facts precludes claim they were "induced to agree to the clause as a result of the defendants' misrepresentation"); *Savings Bank of Manchester* v. *Ralion Financial Services, Inc.*, supra, 91 Conn. App. 391–92 (trial court could not have found plaintiff relied on language in agreement because of plaintiff's knowledge to contrary). Even if the misrepresentation forms

part of a binding agreement, a plaintiff cannot reasonably rely on a contractual term he knows to be false. *Savings Bank of Manchester* v. *Ralion Financial Services, Inc.*, supra, 391–92; see *Glazer* v. *Dress Barn, Inc.*, 274 Conn. 55–56, 76–78 (binding agreement can support cause of action for negligent misrepresentation, but no cause of action due to lack of damages). The trier of fact considers all relevant circumstances in determining whether reliance is reasonable. *Williams Ford, Inc.* v. *Hartford Courant Co.*, supra, 232 Conn. 580. The plaintiff's knowledge of the misrepresentation carries significant weight. See *Gibson* v. *Capano*, supra, 733–34; *Savings Bank of Manchester* v. *Ralion Financial Services, Inc.*, supra, 391–92; *Visconti* v. *Pepper Partners Ltd. Partnership*, supra, 683–84.

I

The plaintiff first claims that the parol evidence rule bars the court from using the March 4, 2009 communication between Mara and Gruder to determine whether the plaintiff's reliance was reasonable.[5] We find the parol evidence rule inapplicable here.

"[T]he parol evidence rule is not a rule of evidence, but a substantive rule of contract law"; (internal quotation marks omitted) *Heyman Associates No. 1* v. *Ins. Co. of State of Pennsylvania*, 231 Conn. 756, 779, 653 A.2d 122 (1995); that prevents parties from using extrinsic evidence to vary the terms of an otherwise clear and unambiguous contract. This rule does not bar extrinsic evidence from being used for other purposes, such as proving mistake or fraud. Id., 780. Parties may introduce evidence extrinsic to the contract to disprove the elements of negligent misrepresentation, despite the parol

---

[5] The plaintiff does not make this claim explicit in its statement of issues. In its brief, however, the plaintiff claims that under the parol evidence rule "the trial court could not properly rely on prior statements by [Mara] as a matter of law." The defendants briefed this claim, and we consider it independently as a threshold issue.

evidence rule. See *Warman* v. *Delaney*, 148 Conn. 469, 474, 172 A.2d 188 (1961) ("[T]he plaintiffs are not seeking to add to, subtract from or alter the terms of the written contract itself. . . . Th[e] action is concerned solely with material misrepresentation in the inducement of the contract."); see also *Martinez* v. *Zovich*, 87 Conn. App. 766, 778, 867 A.2d 149, cert. denied, 274 Conn. 908, 876 A.2d 1202 (2005); cf. *Gibson* v. *Capano*, supra, 241 Conn. 733 (*Warman* inapplicable to innocent misrepresentation claims). The court, therefore, properly disregarded the parol evidence rule when examining whether the plaintiff reasonably relied on the terms of the agreement for purposes of its negligent misrepresentation claim.

II

The plaintiff's next claim is that the court improperly concluded, as a matter of law, that the plaintiff did not actually or reasonably rely on paragraph 10 (d) as a "representation . . . made . . . by and through [a] contractual covenant" in the agreement.[6] The plaintiff argues that the court "misapplied various established legal rules in reaching its conclusions . . . ." The first principle the plaintiff recites is that knowledge of the terms of a contract is imputed to the contracting parties. See *Connelly* v. *Kellogg*, 136 Conn. 33, 38, 68 A.2d 170 (1949). On the basis of this principle, the plaintiff asserts that a court must find as a matter of law that a contracting party actually or reasonably relied on each particular term in a contract, for otherwise the court

---

[6] The plaintiff's statement of the issues appears to claim that a court can conclude actual reliance only as a matter of law. Even if we found this argument persuasive, it would not be grounds for reversal because negligent misrepresentation requires reasonable reliance. *Visconti* v. *Pepper Partners Ltd. Partnership*, supra, 77 Conn. App. 682. The plaintiff's brief also asserts that the court "undermined [a] rule of law" when it failed to find "actual or reasonable" reliance. We interpret this language as claiming that the court erred in not finding either actual or reasonable reliance as a matter of law, and we address that argument accordingly.

has "read [a contractual term] out of" the agreement. From *Smith* v. *Frank*, 165 Conn. 200, 202, 332 A.2d 76 (1973), and *Jaybe Construction Co.* v. *Beco, Inc.*, 3 Conn. Cir. Ct. 406, 409, 216 A.2d 208 (1965), the plaintiff gleans a second principle of contract law, that "contractual representations are made by one party to the other party . . . to induce contractual acceptance and reliance . . . ."[7] The plaintiff contends that the court "undermined" this rule of law when it concluded that the plaintiff's reliance was not reasonable. We are not persuaded.

The plaintiff challenges the court's legal conclusions as drawn from the facts of this case. Specifically, the plaintiff claims that when a misrepresentation is contained in a contract, as here, a court must conclude that reliance on the misrepresentation is reasonable under general principles of contract law. When considering a challenge to the court's legal conclusions, "our review is plenary and we must decide whether its legal conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Olson* v. *Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

This court previously has held that the principles of contract law are not dispositive in a claim of negligent misrepresentation, which sounds in tort. See *Sovereign Bank* v. *Licata*, 116 Conn. App. 483, 501–502, 977 A.2d

---

[7] Although the plaintiff states that parties have "only one purpose" in drafting contractual provisions, "to induce contractual acceptance and reliance," the language in the cases cited is not so absolute. See *Jaybe Construction Co.* v. *Beco, Inc.*, supra, 3 Conn. Cir. Ct. 408 (it is "common" to induce other party to enter into contract by making offer); *Smith* v. *Frank*, supra, 165 Conn. 202 (facts of case indicated defendant purposefully induced reliance). A party may draft a contract provision to limit its own liability, for example, which is a term not reasonably calculated to induce the other party's acceptance. We cannot agree that reliance is the "only" purpose for drafting contractual provisions.

228 (2009), appeal dismissed, 303 Conn. 721, 36 A.3d 662 (2012). We find the discussion in *Sovereign Bank* instructive. In *Sovereign Bank*, the statute of frauds was raised on appeal as a defense to a claim of negligent misrepresentation. Id., 495. The issue was whether "the statute of frauds bars recovery based on a claim of misrepresentation when the alleged misrepresentations relate, in some way, to an unenforceable oral agreement." Id., 497. The court reasoned: "A negligent misrepresentation action does not seek to *enforce* the underlying contract; rather, it seeks damages for reliance on misrepresentations that may have been made in relation to that contract. This critical distinction sets the tort action apart from a contract action and makes the claim worthy of independent review." (Emphasis in original.) Id., 501–502.[8]

As in *Sovereign Bank*, the distinction between enforcing paragraph 10 (d) and reasonable reliance on paragraph 10 (d) greatly diminishes the force of the plaintiff's argument that contract law doctrine necessitates finding reasonable reliance. Imputed knowledge of the contract terms may justify enforcing the contract, but in tort a party's knowledge does not automatically result in reasonable reliance. Reasonable reliance is distinct from mere knowledge.[9] *Glazer* v. *Dress Barn, Inc.*, supra, 274 Conn. 73 (negligent misrepresentation requires, inter alia, that plaintiff both knew or should

---

[8] Another example of this critical distinction between tort and contract law is the parol evidence rule. As discussed in part I of this opinion, the parol evidence rule governs contract law and does not affect the evidence that may be used in tort to disprove negligent misrepresentation. See *Martinez* v. *Zovich*, supra, 87 Conn. App. 778.

[9] The plaintiff states that the court "was not satisfied that the plaintiff had read and understood [p]aragraph 10 (d)." This mischaracterizes the court's decision. The court was not convinced that the plaintiff read this paragraph "and, from that reading, *assured herself* that there was no pending litigation . . . ." (Emphasis added.) The court's decision correctly depended on reliance, not mere knowledge as the plaintiff asserts.

have known of falsity of misrepresentation and that plaintiff reasonably relied on misrepresentation). Furthermore, even if a term is intended to induce contractual reliance, that alone is not proof that the reliance was reasonable. While the proffered principle may reflect the intent of one party under some circumstances, it has no bearing on whether the other party relied on a contractual term. Had the plaintiff sought to enforce paragraph 10 (d) in contract, these established principles would be pertinent. The plaintiff instead chose to sue in tort by arguing that it reasonably relied on paragraph 10 (d). In tort, these contract principles do not require a finding of reasonable reliance as a matter of law.[10]

## III

The plaintiff's second claim is, in the alternative, that the court erred in its factual finding that the plaintiff did not reasonably rely on paragraph 10 (d). We do not agree.

"[R]easonableness is a question of fact for the trier to determine based on all of the circumstances." *Williams Ford, Inc.* v. *Hartford Courant Co.*, supra, 232 Conn. 580. "[W]e will review the findings of the court as to negligent misrepresentation and reverse [a] judgment . . . only if the findings are clearly erroneous." (Internal quotation marks omitted.) *Centimark Corp.* v. *Village Motor Associates Ltd. Partnership*, 113 Conn. App. 509, 518, 967 A.2d 550, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009). "A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is

---

[10] In its brief and at oral argument, the plaintiff argued that a court cannot "read [a contractual term] out of" the agreement, "[render] them a nullity," or "rewr[i]te the contract." The court did not engage in any of these alleged modifications. The court examined whether the parties relied on this provision without passing judgment on whether paragraph 10 (d) was in fact valid or part of the contract.

evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 858, 905 A.2d 70 (2006). "In applying the clearly erroneous standard of review, [a]ppellate courts do not examine the record to determine whether the trier of fact could have reached a different conclusion." (Internal quotation marks omitted.) *Sovereign Bank* v. *Licata*, supra, 116 Conn. App. 503. We do not "retry the facts or pass on issues of credibility." *CitiMortgage, Inc.* v. *Guadiano*, 142 Conn. App. 440, 449, 68 A.3d 101 (2013).

The court determined, primarily on the basis of Mara's testimony, that the plaintiff did not actually or justifiably rely on paragraph 10 (d) because Gruder exhibited knowledge of the pending litigation. Mara testified that Gruder had called twelve days before the parties entered into the agreement to express the plaintiff's interest in the property. During this conversation, Gruder also noted the plaintiff's concern about the pending litigation. The court credited Mara's testimony and found Gruder was "fully informed" of the pending litigation. The court imputed Gruder's knowledge of the misrepresented fact to the plaintiff and then concluded that this knowledge defeated the plaintiff's claim of reasonable reliance.

Upon our review of the record, we conclude it was not clearly erroneous for the court to find that Gruder had knowledge of the pending litigation and that this knowledge prevented the plaintiff from reasonably relying on paragraph 10 (d). Mara's testimony established that Gruder was the plaintiff's attorney and was acting within the scope of his authority to negotiate a contract for sale when he contacted Mara to discuss purchasing the property in question.[11] Gruder indicated during this

---

[11] The plaintiff argues that, even if it had imputed knowledge of the pending litigation, the timing of the contract is of critical importance because "litigation is a matter that is subject to change at any moment . . . ." The time

conversation that he had knowledge of the pending litigation, and this knowledge was sufficient to defeat the plaintiff's claim of reasonable reliance.[12]

"[N]otice to, or knowledge of, an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal." (Internal quotation marks omitted.) *West Haven* v. *U.S. Fidelity & Guaranty Co.*, 174 Conn. 392, 395, 389 A.2d 741 (1978). "The fact that the knowledge or notice of the agent was not actually communicated will not prevent the operation of the general rule, since the knowledge or notice of the agent is imputed to the principal . . . ." (Internal quotation marks omitted.) *National Publishing Co.* v. *Hartford Fire Ins. Co.*, 94 Conn. App. 234, 276, 892 A.2d 261 (2006), rev'd on other grounds, 287 Conn. 664, 949 A.2d 1203 (2008). An attorney is the client's agent and his knowledge is imputed to the client. See *Ackerman* v. *Sobol Family Partnership, LLP*, 298 Conn. 495, 509– 511, 4 A.3d 288 (2010). It follows that an attorney's knowledge regarding the falsity of a statement prevents his client from claiming he reasonably relied on that statement in an action for negligent misrepresentation.

The conclusion that the plaintiff did not reasonably rely on paragraph 10 (d) was also based on the court's

at which the plaintiff acquired knowledge of the underlying facts is a relevant factor in considering whether reliance was reasonable, especially when the subject matter is prone to sudden change. As an appellate court, it is not within our province to make factual findings. *State* v. *Nowell*, 262 Conn. 686, 695–96, 817 A.2d 76 (2003). Therefore, we will not decide whether it was reasonable for the plaintiff to assume that the pending litigation was resolved in twelve days. Regardless, the court sufficiently articulated other grounds for concluding that the plaintiff's reliance on paragraph 10 (d) was unreasonable.

[12] While this evidence alone was sufficient to defeat the claim, the court reasoned that, subsequent to executing the agreement, Gruder's lack of surprise in e-mails mentioning the pending litigation suggested that Gruder already had knowledge of the pending litigation. This further supports our conclusion that the court's factual finding was not clearly erroneous.

assessment of the plaintiff's credibility. "It is basic to our jurisprudence that credibility determinations are within the exclusive province of the trier of fact." *Grolier, Inc.* v. *Danbury*, 82 Conn. App. 77, 79, 842 A.2d 621 (2004) (per curiam). "Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 433, 487, 970 A.2d 592 (2009). Arute testified that she read and relied on paragraph 10 (d) when entering into the contract. In its memorandum of decision, the court noted that paragraph 10 (d) was just one paragraph in a "thirteen page purchase and sale agreement accompanied by a twenty-eight page ground lease and a thirty-four page lease for the office building." In light of this evidence and the testimony at trial, the court was "not satisf[ied] . . . that [Arute] read this rather generic paragraph and, from that reading, assured herself that there was no pending litigation over parking at the property." We will not disturb the court's credibility determination on appeal. Accordingly, the court did not err in finding the plaintiff did not reasonably rely on paragraph 10 (d).[13]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] In light of our holding, we do not reach the defendants' alternative grounds for affirming the judgment, namely, that the plaintiff did not suffer damages because another corporate entity paid the rent on the property.